UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:

ROBERT W. JOHNSON                CIVIL ACTION NO. 26-13143-MPK

ORDER FOR REASSIGNMENT AND RECOMMENDATION OF DISMISSAL
September 28, 2026

KELLEY, U.S.M.J.

On June 26, 2026, Plaintiff Robert Willie Johnson, a federal pretrial detainee[1] in custody at the Federal Medical Center Devens, initiated this action in the U.S. District Court for the Eastern District of Pennsylvania. *See* #1. That court ordered the matter transferred to this district, *see* #3, and the matter was randomly assigned to me on July 8 2026. *See* #5.

On July 9, 2026, this Court issued a Procedural Order regarding resolution of the filing fee because Plaintiff initiated this action without payment of the filing fee or filing a motion for leave to proceed *in forma pauperis*. *See* #4. The Court directed Plaintiff to respond within twenty-one (21) days and stated that failure to do so could result in dismissal of this action. *Id.* Plaintiff has not responded to the Court's Procedural Order and the time to do so has expired.

Accordingly, the Court ORDERS the Clerk to reassign this case to a District Judge and the Court RECOMMENDS to the District Judge that this action be dismissed without prejudice.

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the

---

[1] On August 13, 2025, Plaintiff was charged by criminal complaint with bankruptcy fraud in the United States District Court for the Northern District of New York. *See United States v. Johnson*, No. 5:25-MJ-00236 (N.D.N.Y. filed Aug. 13, 2025). #2. On March 23, 2026, Plaintiff was committed, pursuant to 18 U.S.C. § 4241(d), to the custody of the Attorney General for psychiatric examination, evaluation and treatment. *Id.*, at #39, Amended Order,

Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweike*r, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge